UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CRAIG ROBERT TROUT,

    *Petitioner,*      CRIM. CASE NO: 1:17-cr-20854
                                      CIV. CASE NO.: 1:19-cv-12931
*v.*                                     DISTRICT JUDGE THOMAS L. LUDINGTON
                                      MAGISTRATE JUDGE PATRICIA T. MORRIS
UNITED STATES OF AMERICA,

    *Respondent.*
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S 28 U.S.C. § 2255 MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE
(ECF No. 52)**

**I.**    **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED**.

**II.**    **REPORT**

    **A.**    **Introduction**

Petitioner Craig Trout's 28 U.S.C. § 2255 motion to vacate his prison sentence (ECF No. 52) is before the Court under an order of reference from United States District Judge Thomas L. Ludington. (ECF No. 54.)

On August 1, 2018, Petitioner pleaded guilty to possession and transportation of child pornography in violation of 18 U.S.C. §2252A(a)(5) and (a)(1) pursuant to a Rule 11 plea agreement. (ECF No. 38.) However, at sentencing, out of concern that sentencing on both of these counts could violate double jeopardy, the parties agreed that Count One would

be dismissed and that Petitioner would only be sentenced on Count two, for the transportation of child pornography in violation of 18 U.S.C. §2252A(a)(1). (ECF No. 51, PageID.200-201.) A judgment filed on November 16, 2018, sentenced Petitioner to 240 months incarceration to be followed by five years' supervised release. (ECF No. 49.) Petitioner did not file an appeal.

On October 4, 2019, Petitioner filed the instant motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 52). On November 5, 2019, the government responded (ECF No. 62). Therefore, the motion is ready for resolution.

### B.     Standard of Review

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

"[A] § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). This rule works to prevent claimants from using collateral attacks to repackage arguments lost on appeal as ineffective assistance of counsel claims. Stated differently, a movant "cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal." *Clemons v. United States*, No. 3:01-CV-496, 3:97-CR-16, 2005 WL 2416995, at *2 (E.D. Tenn. Sept. 30, 2005) (*citing DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996)); *accord Lossia v. United States*, No. 04-80422, 2010 WL 3951078, at *4 (E.D. Mich. July 1, 2010). These claims, however, are not waived by failing to bring them on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Claims of ineffective assistance of counsel are governed by the United States Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense–not what bears a false label of 'strategy'–based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the

3

movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable effect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id*. at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process. In *Lockhart v. Fretwell*, the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

506 U.S. 364, 369 (1993) (citations omitted).

### C. Analysis and Conclusions

The petition raises two grounds for relief: (1) "The constitutional principle of due process was violated by the improper application of sentencing enhancements" (ECF No.

4

52, PageID.225); and (2) ineffective assistance of counsel because his "[a]ttorney did not perform reasonable investigations and did not properly advocate for his client" when he failed to argue that the sentencing enhancements were improper. (ECF No. 52, PageID.219, 237.) These grounds collapse into one under the ineffective assistance matrix since Petitioner must show that counsel's performance was deficient (e.g., that the sentencing enhancements were improperly applied and went unchallenged by counsel) and that he was prejudiced by that deficiency.

The two enhancements that Petitioner argues should not have been applied to him are: (1) 5 points for a pattern of abuse or sexual exploitation of a minor under USSG 2G2.2(b)(5); and (2) 4 points for sadistic or masochistic conduct/depictions of violence/infant or toddler under USSG 2G2.2(b)(4). (ECF No. 52, PageID.225, 235.)

In the plea agreement, Petitioner agreed that "the offense conduct involved over 600 images, that it involved a pattern of sexual exploitation of a minor, that the images involved prepubescent minors or individuals under 12 years of age, contained images of sadistic or masochistic conduct, and that defendant's offense involved the distribution of child pornography." (ECF No.38, PageID.118-119.) In addition, when Petitioner provided a factual basis for the plea at the plea hearing and was asked "some of the images that you were viewing as it relates to the child pornography, you agree there were depictions of prepubescent teens or children who had not reached the age of 12?" Petitioner responded, "yes." (ECF No.47, PageID.178.) In addition, when asked whether he would agree whether "the images were not just lascivious display of genitals of minors but prepubescent minors

5

or minors below the age of 12?" Petitioner responded, "Yes." (ECF No. 47, PageID.181-182.)

Since courts must be able to rely on a defendant's statements during a plea colloquy, "allegations in a §2255 motion that directly contradict the petitioner's sworn statements during a properly conducted Rule 11 colloquy are always 'patently incredible' and 'patently frivolous or false.'" *Barnett v. United States*, 2017 WL 160896, at *4 (E.D. Tenn. Jan. 13, 2017) (*quoting United States v. McMaster*, 403 F.3d 216, 221 (4th Cir. 2005)). "[I]mages showing penetrative sex between a prepubescent child and an adult male are per se sadistic." *United States v. Groenendal*, 557 F.3d 419, 425 (6th Cir. 2009). Since Petitioner admitted in the plea agreement and during the plea colloquy that some of the images were sadistic or masochistic and since he also pleaded to the underlying facts that support the 4-point enhancement, he cannot now contradict those statements he made under oath. *See also* (ECF No. 62, Ex. J (search warrant return including an image depicting a prepubescent child being penetrated by an adult male).) Counsel was not ineffective for failing to argue against an enhancement that is supported by the facts and Petitioner's admissions.

Similarly, as to the 5 point enhancement for a pattern of abuse or sexual exploitation of a minor under USSG 2G2.2(b)(5), Petitioner agreed, in the plea agreement, that "there are no sentencing guideline disputes" and that "[n]either party may take a position concerning the applicable guidelines that is different from any position of that party as reflected in the attached worksheets." (ECF No. 38, PageID.119.) The attached worksheets

showed this 5-point enhancement for pattern of abuse or sexual exploitation of a minor. (ECF No. 38, PageID.129.) Petitioner was on notice of the particular conduct relied upon to support the enhancement from the government's sentencing memorandum wherein the government referred to the interview conducted on November 5, 2017 during which Petitioner "admitted that he had his four year-old son 'play' with his erect penis while they showered together and that the son began to masturbate himself . . . . [and he] further admitted that he engaged in other enticement behavior, masturbating in front of his 18 month old son on three occasions while Trout viewed child pornography, while the 18 month old son could watch." (ECF No. 46, PageID.156.) In addition, at sentencing, Petitioner confirmed that he had read the presentence report and he answered "Yes, Your Honor" when asked whether he was "satisfied that it's accurate and complete[.]" (ECF No. 51, PageID.200.) Petitioner cannot "challenge the terms of Guideline enhancements [] upon which he had already stipulated in the Plea Agreement" by "cloak[ing the argument] in terms of a collateral attack on the effectiveness of counsel." *Camacho v. United States,* 2011 WL 6181469, at *2 (N.D. Ohio, Dec. 13, 2011).

Finally, even if Petitioner could establish that counsel's performance fell below an objective standard, I suggest that he cannot show prejudice. In order to show prejudice in the context of a guilty plea, petitioner must show that "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Here, Petitioner does not even allege that he would have decided to go to trial absent counsel's advice. I

7

suggest that Petitioner is unable to show prejudice and thus, that his motion should be denied.

### D. Evidentiary Hearing

Section 2255 states that

> [u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted). Additionally,

> [T]he words "grant a prompt hearing" are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists.

*United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. I therefore suggest that Petitioner is not entitled to a hearing on the allegations raised in his motion.

### E. Conclusion

For the reasons set forth above, I recommend denying Petitioner's motion be denied.

## III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  December 3, 2019                     S/ PATRICIA T. MORRIS
                                            Patricia T. Morris
                                            United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Craig Robert Trout #56172-039 at Elkton Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 10, Lisbon, OH 44432.

Date: December 3, 2019                      By s/Kristen Castaneda
                                            Case Manager

10