UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff- Respondent,                 Case No. 17-20854

v.                                                       Honorable Thomas L. Ludington

CRAIG TROUT,

       Defendant-Petitioner.
_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATIONS, DENYING PETITIONER'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING IFP ON APPEAL**

On August 1, 2018, Petitioner pled guilty to possession and transportation of child pornography in violation of 18 U.S.C. §2252A(a)(5) and (a)(1) pursuant to a Rule 11 plea agreement. ECF No. 38. However, at sentencing, out of concern that sentencing on both of these counts could violate double jeopardy, the parties agreed that Count One would be dismissed and that Petitioner would only be sentenced on Count Two, for the transportation of child pornography in violation of 18 U.S.C. §2252A(a)(1). ECF No. 51 at PageID.200-201. A judgment filed on November 16, 2018 sentenced Petitioner to 240 months incarceration to be followed by five years' supervised release. ECF No. 49. Petitioner did not file an appeal.

On October 4, 2019, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF No. 52. The motion was referred to Magistrate Judge Morris. ECF No. 54. On November 5, 2019, the government responded. ECF No. 62. On December 3, 2019, Magistrate Judge Morris issued her report and recommendation. ECF No. 64. She recommended that Petitioner's motion claiming ineffective assistance of counsel be denied because Petitioner is

unable to show prejudice. On December 17, 2020, Petitioner filed his objections. ECF No. 66. For the following reasons, Petitioner's objections will be overruled.

### I.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform

identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

## II.

### A.

Petitioner first objects to Magistrate Judge Morris collapsing his two claims into a single Strickland claim. ECF No. 66. Petitioner explains that "[i]n merging the two claims, the result would be to apply a higher standard to the claim than would otherwise be due. As combined, Petitioner would need to make the showings mandated by Strickland. However, as a separate claim, he can satisfy the standard of showing a plain error that violated due process in a way injurious to his substantial rights." *Id.* Judge Morris correctly combined the two claims because Petitioner's two claims are the two prongs of a Strickland claim. A Strickland claim requires that counsel's performance be deficient and that Petitioner be prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Petitioner's first claim is that "Due Process was violated by erroneous application of Enhancement." ECF No. 52 at PageID.218. This would be the prejudiced prong of the Strickland claim. Petitioner's second claim is "Ineffective assistance of Counsel" because "Attorney did not perform resonable [sic] investigations and did not properly advocate for his client." *Id.* at PageID.219. This is the first prong of Strickland – Petitioner is alleging counsel's performance was deficient. Petitioner's first objection will be overruled.

### B.

In his second objection, Petitioner explains that "The Magistrate's R&R is dated for the day after the clerk of court received the Petitioner's Response to the Government's Reply. In that document . . . Petitioner clarified his claims. Additionally he conceded that the enhancement for sadistic or masochistic conduct was applied properly. Due to the fact that the Magistrate still

addresses this claim at length in the R&R, it logistically leads one to believe that the Magistrate was unaware of the reply and therefore did not consider it prior to issuing the R&R. . . . [T]he Petitioner wants to assure it is considered before a final decision." ECF No. 66 at PageID.354-355. It is unclear from Magistrate Judge Morris' order whether she considered Petitioner's reply in her order – she references Petitioner's original motion and the Government's response, but does not specify if she did or did not receive a reply from Petitioner. However, there is no error if Magistrate Judge Morris did not review the reply. On October 22, 2019, Judge Morris extended the response and reply deadlines for Petitioner's motion. ECF No. 59. Petitioner's reply was due on or before November 19, 2019. *Id.* Petitioner signed and dated his reply November 25, 2019. ECF No. 65 at PageID.350. Therefore, Judge Morris was under no obligation to consider Petitioner's reply. Petitioner's second objection will be overruled.

### C.

In Petitioner's third objection, he seems to argue that there were insufficient facts for his Pattern of Abuse or Sexual Exploitation enhancement. ECF No. 66 at PageID.355-356. Petitioner argues that "the facts that he agreed to would not support the enhancement at issue. . . . [H]is attorney also failed to catch this. As did the Government and the Court." *Id.* § 2G2.2(b)(5) of the United States Sentencing Guidelines determines whether the enhancement should apply. Specifically, it states "If the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, increase by 5 levels." *Id.* The sentencing guideline application notes provide the behavior is defined as "any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct." "The government bears the burden of proving enhancement factors

by a preponderance of the evidence." *U.S. v. Ruth*, 1996 WWL 185760 at *1 (6th Cir. Apr. 17, 1996).

The plea agreement signed by Defendant states that "Defendant acknowledges that the offense conduct involved over 600 images, that it involved a pattern of sexual exploitation of a minor, that the images involved prepubescent minors or individuals under 12 years of age, contained images of sadistic or masochistic conduct, and that defendant's offense involved the distribution of child pornography." ECF No. 38 at PageID.118-119, 126. In addition, in his plea, Plaintiff signed a statement including the statement "There are no sentencing guideline disputes. . . . Neither party may take a position concerning the applicable guidelines that is different from any position of that party as reflected in the attached worksheets." ECF No. 38 at PageID.119. In Worksheet A, attached to the plea agreement, it includes a sentencing enhancement 2G2.2(b)(5) increasing his offense level by 5 points due to "Pattern or Abuse or Sexual Exploitation of Minor." ECF No. 38 at PageID.127, 129. Additionally, Petitioner previously admitted that he allowed his son to play with his erect penis and that he taught his son how to masturbate. ECF No. 62 at PageID.293. He now claims in his § 2255 motion that it "was not a sexual event," his three-year-old child "touched his scrotum in a mutual shower." ECF No. 52 at PageID.226. And it occurred for "Maybe 30 seconds." ECF No. 52 at PageID.245. But, Petitioner admitted in an interview with an unknown individual that he included in his initial petition that "it felt so good, I meant because we're human right? We're human, all right so, you know." ECF No. 52 at PageID.230-231.

Petitioner also continues to admit that he masturbated while viewing child pornography on his phone with his infant son in the same room. ECF No. 52 at PageID.22. Petitioner admits in the unverified interview he included with his petition that "He was busy playing and just happened to be in the same room. I did watch the child pornography and masturbate on the other side of the

room but he couldn't see me or the pornography. I didn't do it in front of him purposely and figured even if he somehow turned around to see me that he was too young to know anything about it." ECF No. 52 at PageID.233. However, previously, Petitioner admitted he masturbated in front of his son because it was exciting. ECF No. 62 at PageID.294-295. In addition, during Defendant's plea he admitted that "some of the images [on his phone] . . . were depictions of prepubescent teens or children who had not reached the age of 12." ECF No. 47 at PageID.178.

Petitioner's argument that the facts he agreed to in his plea agreement and at sentencing were insufficient falls short. The Government previously proved by a preponderance of the evidence that Petitioner should receive the 2G2.2(b)(5) enhancement. Petitioner's third objection will be overruled.

**D.**

Petitioner's fourth objection simply restates his third objection with more detail. Because Petitioner's third objection was overruled, his fourth objection will be similarly overruled.

**E.**

In his fifth objection, Petitioner seems to be objecting to the fact that the 2G2.2(b)(5) enhancement should not apply to his conviction of Transportation of Child Pornography. ECF No. 66. While pro se complaint should be read with leniency, Petitioner has provided no legal support or anything justifying his belief that the Pattern of Abuse or Sexual Exploitation enhancement is prohibited from being applied to this conviction. Therefore, Petitioner's fifth objection will be overruled.

**F.**

In his sixth objection, Petitioner argues that Magistrate Judge Morris incorrectly concluded that he was not prejudiced by any alleged deficient acts by counsel. ECF No. 66. Petitioner argues

he was harmed because while "[i]t is bad enough to be guilty of a horrible offense like transportation child pornography, but then to be punished more harshly based on things that were never meant to trigger enhancement is certainly unfair." ECF No. 66 at PageID.359. Petitioner also argues he was harmed because "Misinformation provided by the attorney prevented the Petitioner from making a fully informed decision on whether or not to proceed to trial. Had he been aware that he would be punished for additional crimes based on his pornography conviction, he could have made a proper decision." ECF No. 66 at PageID.359. As explained earlier, Petitioner was not incorrectly "more harshly" punished when his sentence included a 2G2.2(b)(5) enhancement because he was properly sentenced with the enhancement. As to Petitioner's second argument that he was unaware he would be punished for what he calls "additional crimes," Petitioner signed his plea agreement which included the sentencing enhancement from USSG 2G2.2(b)(5) and testified at his plea that he would ask any questions he had about the plea agreement to the Court. ECF No. 47 at PageID.174-176. However, he never once indicated that he did not understand the plea agreement. Even though Petitioner is not an attorney, he signed the plea agreement, which included the sentence enhancement, and given ample opportunity by the Court to ask any questions he may have had about his maximum sentence under the plea agreement. Therefore, Petitioner's sixth objection will be overruled.

### III.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must be issued. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the

district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336–37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted. Petitioner will not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**IV.**

Accordingly, it is **ORDERED** that Petitioner's objections to the report and recommendation, ECF No. 66, are **OVERRULED**.

It is further **ORDERED** that the Magistrate Judge's report and recommendation, ECF No. 64, is **ADOPTED**.

It is further **ORDERED** that Petitioner's Motion to Vacate, ECF No. 52, is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED**.

Dated: April 28, 2020	s/Thomas L. Ludington
	THOMAS L. LUDINGTON
	United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Craig Robert Trout** #56172-039, ELKTON FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 10, LISBON, OH 44432 by first class U.S. mail on April 28, 2020.

s/Kelly Winslow
KELLY WINSLOW, Case Manager