UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              Case No. 1:17-cr-20854

v.                                                Honorable Thomas L. Ludington
                                                        United States District Judge

CRAIG ROBERT TROUT,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S PRO SE MOTION TO DISMISS COURT-APPOINTED COUNSEL**

This matter is before this Court upon Defendant Craig Robert Trout's pro se Motion to Dismiss Counsel. ECF No. 84. For the reasons stated hereafter, the Motion will be denied.

**I.**

On August 1, 2018, through a Rule 11 plea agreement, Defendant pleaded guilty to possession and transportation of child pornography, 18 U.S.C. §§ 2252A(a)(5), (a)(1). ECF No. 38. The agreement provided (1) that the Sentencing Guidelines calculations would include a five-level enhancement for a pattern of sexual abuse or exploitation of a minor; (2) that Defendant's guideline range was 262 to 327 months' imprisonment; and (3) that his sentence would not exceed 288 months. *See* U.S. SENT'G GUIDELINES MANUAL § 2G2.2(b)(5) (U.S. SENT'G COMM'N 1987); ECF No. 38.

At the sentencing hearing, the Government dismissed Count 1, and then this Court sentenced Defendant to the statutory maximum of 240 months' imprisonment and five years' supervised release for Count 2. ECF No. 51 at PageID.200–01. Defendant did not appeal the Judgment because he waived the right to appeal in his plea agreement.

On October 4, 2019, Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. ECF No. 52. The claims in Defendant's § 2255 motion included, as relevant: (1) whether the district court erred by applying the "pattern of abuse" enhancement; and (2) whether trial counsel, Matthew Reyes, rendered ineffective assistance by (a) failing to properly advise Defendant during the plea negotiation process with respect to the enhancement and (b) failing to challenge the enhancement at sentencing. *See id.*

The § 2255 motion was referred to Magistrate Judge Morris. ECF No. 54. On November 5, 2019, the Government responded. ECF No. 62. On December 3, 2019, Judge Morris issued a Report and Recommendation, which recommended that this Court deny Defendant's § 2255 motion claiming ineffective assistance of counsel, because Defendant was unable to show prejudice. *Trout v. United States*, No. 1:17-CR-20854, 2019 WL 9406497 (E.D. Mich. Dec. 3, 2019), *in* ECF No. 64. Two weeks later, Petitioner objected. ECF No. 66.

On April 28, 2020, this Court overruled Defendant's objections to Judge Morris's recommendations and denied his § 2255 motion. *United States v. Trout*, No. 17-20854, 2020 WL 2028571 (E.D. Mich. Apr. 28, 2020), *in* ECF No. 67.

Defendant appealed. *See* ECF Nos. 69–73. On appeal, Defendant raised the certified claim of ineffective assistance of counsel, Matthew Reyes. ECF No. 77 at PageID.392. The Government conceding that the § 2G2.2(b)(5) "pattern of abuse" enhancement should not have been applied and that trial counsel Matthew Reyes's failure to contest the enhancement constituted ineffective assistance. *Id.* For that reason, the Government filed a motion to remand the action for resentencing. *Id.*

On October 5, 2021, the Sixth Circuit granted the Government's motion to remand. Specifically, the Sixth Circuit held that the "pattern of abuse" enhancement did not apply to

Defendant, because he did not complete or attempt a "sexual act" when his "three-year-old son touched [his] erect penis and scrotum in a mutual shower and [he] then taught his son how to masturbate." *Id.* at PageID.392. For that reason, the Sixth Circuit held, Matthew Reyes's failure "to investigate the law and properly advise [Defendant] regarding the 'pattern of abuse' enhancement before his guilty plea" was ineffective assistance of counsel. *Id.* at PageID.394.

After regaining jurisdiction, this Court appointed a federal community defender to Defendant. ECF No. 78. On December 3, 2021, Attorney Jeffrey J. Rupp filed a notice of appearance as Defendant's federal community defender. ECF No. 82.

On December 22, 2021, Defendant filed a Motion to Dismiss Counsel. ECF No. 84.

## II.

Defendant's Motion is patently frivolous. The only reason Defendant has offered for Mr. Rupp's removal is that Defendant did not "request" him. ECF No. 84 at PageID.407. In support of his request, Defendant contends that he wishes to remain pro se because he "litigated his § 2255 motion, COA, and subsequent successful appeal as a pro-se filer." *Id.*

Even so, Court-appointed counsel "can only be justified . . . by the defendant's consent, at the outset, to accept counsel as his representative." *Faretta v. California*, 422 U.S. 806, 820–21 (1975).

But Defendant has filed his Motion pro se while represented by an attorney, Mr. Jeffrey Rupp. For that reason, Defendant is proceeding both through counsel and pro se in a "hybrid" fashion. *E.g.*, *United States v. Dehar*, No. CRIM. 07-20558, 2008 WL 4937855 (E.D. Mich. Nov. 14, 2008); *see McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984). Although the Sixth Amendment guarantees defendants the right to conduct their own defense and even represent themselves, *see Faretta*, 422 U.S. at 819–20, the right of self-representation does not include the right to proceed

in a hybrid manner. *McKaskle*, 465 U.S. at 183; *see United States v. Mosely*, 810 F.2d 93, 97–98 (6th Cir. 1987). Because Defendant has filed a hybrid motion, this Court will deny it.

Defendant should seek relief from this Court through his Court-appointed attorney, Mr. Rupp.

### III.

Accordingly, it is **ORDERED** that Defendant's pro se Motion to Dismiss Counsel, ECF No. 84, is **DENIED**.

Dated: January 3, 2022                    s/Thomas L. Ludington
                                          THOMAS L. LUDINGTON
                                          United States District Judge