UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,                          Case No. 1:17-cr-20854

v.                                                      Honorable Thomas L. Ludington
                                                        United States District Judge

CRAIG ROBERT TROUT,

                    Defendant.
_____/

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO SUBSTITUTE COUNSEL**

This matter is before this Court upon Defendant Craig Robert Trout's Motion to Substitute

Counsel. ECF No. 87. As explained hereafter, Defendant's Motion will be granted.

**I.**

On August 1, 2018, through a Rule 11 plea agreement, Defendant pleaded guilty to one

count of possession of child pornography, 18 U.S.C. § 2252A(a)(5), and one count of

transportation of child pornography, *id.* § 2252A(a)(1). ECF No. 38.

The plea agreement provided: (1) that the Sentencing Guidelines calculations would

include a five-level enhancement for a pattern of sexual abuse or exploitation of a minor;[1] (2) that

Defendant's guideline range was 262 to 327 months' imprisonment; (3) that his sentence would

not exceed 288 months; (4) that there were "no guideline disputes" and neither party could "take

a position" inconsistent with the worksheet; (5) that "if Defendant's sentence of imprisonment was

at least 262 months, the [G]overnment waive[d] any right it may have to appeal"; (6) that all

remaining charges would be dismissed, and the Government would not bring additional charges

---

[1] *See* U.S. SENT'G GUIDELINES MANUAL § 2G2.2(b)(5) (U.S. SENT'G COMM'N 1987).

based on any conduct reflected in the worksheets; and (7) that "if any conviction entered pursuant to [the] agreement is vacated, the Court shall on the government's request, reinstate any charges that were dismissed as part of [the] agreement." *Id.*

At the sentencing hearing, the Government dismissed Count 1, and then this Court sentenced Defendant to the statutory maximum of 240 months' imprisonment and five years' supervised release for Count 2. ECF No. 51 at PageID.200–01, 210. Defendant did not appeal the Judgment because he waived the right to appeal in his plea agreement. ECF No. 38 at PageID.122.

On October 4, 2019, Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. ECF No. 52. The claims in Defendant's § 2255 Motion included, as relevant: (1) whether the "pattern of abuse" enhancement was correctly scored; and (2) whether trial counsel, Matthew Reyes, rendered ineffective assistance by (a) failing to properly advise Defendant during the plea negotiation process with respect to the enhancement and (b) failing to challenge the enhancement at sentencing. *See id.*

The § 2255 Motion was referred to Magistrate Judge Morris. ECF No. 54. On November 5, 2019, the Government responded. ECF No. 62. On December 3, 2019, Judge Morris issued a Report and Recommendation, which recommended that this Court deny Defendant's § 2255 Motion claiming ineffective assistance of counsel, because Defendant was unable to show prejudice. *Trout v. United States*, No. 1:17-CR-20854, 2019 WL 9406497 (E.D. Mich. Dec. 3, 2019), *in* ECF No. 64. Two weeks later, Petitioner objected to the Report. ECF No. 66.

On April 28, 2020, this Court overruled Defendant's objections to Judge Morris's Report, denied his § 2255 Motion and adopted the Report and Recommendation. *United States v. Trout*, No. 17-20854, 2020 WL 2028571 (E.D. Mich. Apr. 28, 2020), *in* ECF No. 67.

- 2 -

Defendant appealed. *See* ECF Nos. 69–73. On appeal, Defendant raised the claim of ineffective assistance of counsel, Matthew Reyes. ECF No. 77 at PageID.392. The Sixth Circuit granted Defendant a certificate of appealability, because "reasonable jurists could debate whether" Defendant committed a "sexual act as that term is defined by 18 U.S.C. § 2246(2)" when he "caused his son to touch his erect penis, and . . . masturbated where his son could see him." *Trout v. United States*, No. 20-1495, slip op. at 4 (6th Cir. Dec. 28, 2020) (granting certificate of appealability).

The Government then conceded not only that the § 2G2.2(b)(5) "pattern of abuse" enhancement should not have been applied despite their previous and strenuous arguments to the contrary, but also that trial counsel Matthew Reyes provided ineffective legal assistance by failing to contest the Government's insistence that the enhancement applied. ECF No. 77 at PageID.392. For these reasons, the Government filed a motion to remand the action for resentencing. *Id.*

On October 5, 2021, the Sixth Circuit granted the Government's motion to remand. Specifically, the Sixth Circuit held that the "pattern of abuse" enhancement did not apply to Defendant, because he did not complete or attempt a "sexual act" when he told his "three-year-old son [to] touch[] [his] erect penis and scrotum in a mutual shower and [he] then taught his son how to masturbate" by masturbating his own penis while making his son watch. *See id.* at PageID.392. For that reason, the Sixth Circuit held, Matthew Reyes's failure "to investigate the law and properly advise [Defendant] regarding the 'pattern of abuse' enhancement before his guilty plea" was ineffective assistance of counsel. *Id.* at PageID.392–94. The Sixth Circuit therefore vacated the judgment.

After regaining jurisdiction, this Court appointed a federal community defender to Defendant. ECF No. 78. On December 3, 2021, Attorney Jeffrey J. Rupp filed a notice of appearance as Defendant's federal community defender. ECF No. 82.

On December 22, 2021, Defendant filed a motion to dismiss counsel, ECF No. 84, which this Court denied because Defendant impermissibly filed a hybrid motion (i.e., he "filed his Motion pro se while represented by an attorney"). ECF No. 86 at PageID.413 (first citing *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984); and then citing *United States v. Mosely*, 810 F.2d 93, 97–98 (6th Cir. 1987)).

On February 1, 2022, private attorneys Lucas X. Dillon and Nicole A. Samuel filed a motion to substitute counsel. ECF No. 87. For justification, the Motion not only cites but also repeats the rationale of Defendant's denied motion to dismiss counsel. *Id.* at PageID.415 & n.1 ("Mr. Trout no longer desires to be represented by the Public Defender's Office."). Neither the Government nor Defendant's Court-appointed counsel have concurred with Defendant's Motion. *Id.* at PageID.415–16.

## II.

Generally, defendants are appointed counsel only after demonstrating they are "financially eligible." *See* 18 U.S.C. § 3006A(a)(1). According to 18 U.S.C. § 3006A(c):

> If at any time after the appointment of counsel . . . the court finds that the person is financially able to obtain counsel or to make partial payment for the representation, it may terminate the appointment of counsel or authorize payment as provided in subsection (f), as the interests of justice may dictate.

*Id.* § 3006A(c). Subsection (f), in turn, allows this Court to direct the payment of funds "to the appointed attorney, to the bar association or legal aid agency or community defender organization which provided the appointed attorney, . . . or to the court for deposit in the Treasury as a reimbursement to the appropriation." *Id.* § 3006A(f). In other words, "[w]hat the Act gives with

- 4 -

one hand to a criminal defendant 'financially unable' to pay for legal services it takes away with the other if the defendant turns out to be 'financially able' to obtain counsel." *United States v. Wilson*, 597 F.3d 353, 357 (6th Cir. 2010).

Defendant's Motion requests this Court to (1) substitute two attorneys, Lucas X. Dillon and Nicole A. Samuel, as Defendant's retained counsel and (2) relieve appointed counsel, Jeffrey J. Rupp, of his responsibilities regarding this case. Unless Defendant has located a new source of funds, the presence of retained counsel raises the question of whether the Defendant was indigent when he was appointed counsel, in which case Defendant may be required to pay back certain fees for legal services rendered by appointed counsel.

Consequently, this Court directed Defendant to show cause why he need not pay for legal services rendered by appointed counsel, Mr. Jeffrey Rupp. ECF No. 89.

On February 7, 2022, Attorneys Lucas X. Dillon and Nicole Alexandria Samuel filed notices of appearance in Mr. Trout's case, in addition to a response to the Show-Cause Order. ECF Nos. 90–92. In their attempt to address this Court's inquiry, Defendant's counsel state that Defendant "was in fact indigent when this Court . . . appointed a federal community defender" and that he "is still indigent." ECF No. 92 at PageID.426. They elaborate that "Mr. Trout's legal fees were paid for by his parents who took out a loan from Northland Federal Credit Union to provide Mr. Trout with his preferred counsel." *Id.* at PageID.427.

Yet in their efforts, Defendant's new attorneys did not substantiate their claims that Defendant did not pay for their counsel. Accordingly, Defendant was directed to show cause a second time. ECF No. 93.

On February 14, 2022, Defendant filed a second response to the Show-Cause Order. ECF No. 94. Substantively, the second response mirrors the first response, adding only a photocopy of

an ambiguous cashier's check. ECF No. 94-1 at PageID.440. But Defendant's counsel, Lucas Dillon, also filed an affidavit. ECF No. 95. The affidavit declares that Defendant's parents sought out Lucas Dillon and Nicole Samuel. *Id.* at PageID.441. The affidavit elaborates that Defendant's parents informed defense counsel that they "took out a loan from Northland Federal Credit Union to pay the Defendant's legal fees," and that "Defendant is still indigent and did not contribute to his legal fees." *Id.* at PageID.442.

The affidavit in Defendant's second response establishes good cause, and Defendant's Motion to Substitute Counsel will therefore be granted.

## III.

Accordingly, it is **ORDERED** that Defendant's Motion to Substitute Counsel, ECF No. 87, is **GRANTED**.

Dated: February 16, 2022                    s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge