UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                Case No. 1:17-cr-20854

v.                                                Honorable Thomas L. Ludington
                                                       United States District Judge

CRAIG ROBERT TROUT,

        Defendant.
_____/

**OPINION AND ORDER GRANTING MOTION TO BE SENTENCED IN PART, DIRECTING PARTIES TO FILE AMENDED PLEA AGREEMENT, DIRECTING PRESENTENCE INVESTIGATION REPORT, AND SCHEDULING SENTENCING**

This case has been remanded to this Court after the Sixth Circuit Court of Appeals vacated this Court's Judgment. The Sixth Circuit found that Defendant's trial counsel was ineffective for failing to challenge the Government's insistence that § 2G2.2(b)(5) (a five-point enhancement for a pattern of abuse for sexual exploitation of a minor) applied to Defendant's guideline range. Eliminating the enhancement will purportedly reduce Defendant's advisory guideline range from 262–327 months to 151–188 months.

While the Parties were considering the remand order's effect on the Rule 11 plea agreement, Defendant filed a motion to be sentenced under the terms of his Rule 11 plea agreement in light of the Sixth Circuit's order.

I.

A.

On October 25, 2016, the National Center for Missing and Exploited Children (NCMEC) received a tip from an online storage application, Dropbox, that the username "Cum Upinme" uploaded multiple images of child pornography to its servers. ECF No. 1 at PageID.3. The email

address for "Cum Upinme" account was "troutcraig1979@gmail.com." *Id.* The Michigan State Police's investigation led to Defendant Craig Robert Trout as the likely Dropbox user. *Id.*

Michigan State Police also determined that troutcraig1979@gmail.com was the subject of another NCMEC tip made in April 2015. *Id.* at PageID.4. In that case, Hotmail sent an NCMEC tip that the troutcraig1979@gmail.com address attempted to send an image of child pornography to a Hotmail user, which Hotmail blocked and reported to NCMEC. *Id.* The Michigan State Police tried to execute a search warrant at Defendant's residence, but he was not home. *Id.*

On November 5, 2017, Defendant "consented to an interview." *Id.* at PageID.3. During the interview, Defendant admitted that he used and owned the "Cum Upinme" Dropbox account. *Id.* at PageID.3–4. Defendant stated that he downloaded child pornography but added that he deleted it all from his phone "after he learned of the investigation." *Id.*

The Michigan State Police conducted a forensic search of Defendant's phone. The search indicated that Defendant owned the troutcraig1979@gmail.com email address, and it showed artifacts of emails between Defendant and the Hotmail user from the NCMEC tip. *Id.* at PageID.4.

Defendant's "Cum Upinme" Dropbox account showed that he uploaded a video of a less-than-10-year-old girl being penetrated by an adult male's finger and erect penis for nearly 45 minutes. *Id.* at PageID.5. His "Cum Upinme" account also showed that he uploaded another video of a less-than-10-year-old girl "performing oral sex on an adult male's penis." *Id.* The investigation also revealed that Defendant uploaded at least 43 videos and images of child pornography from his cell phone while "working at job sites located in the Eastern District of Michigan." *Id.*

Defendant later confessed to using Dropbox to transmit child pornography for two years. PSR ¶ 22. He stated that he shared images of child pornography using Kik, Adult Friend Finder, and Chatstep. *Id.* He announced that he sexually prefers infants and children younger than 13 years.

*Id.* And he admitted that he "masturbated a couple of times a week to child pornography" and that he had last done so the week before the interview. *Id.*; ECF No. 62 at PageID.289.

For his offenses, Defendant's child-pornography images totaled 2,337. PSR ¶ 23. But the Probation Department rounded that number down as a "modest estimation" of his "total involvement over the at least two-year span of transporting and possessing child pornography." *Id.* Indeed, "for guidelines purposes," the Probation Department only held Defendant "accountable for using a computer to possess, transport, or distribute more than 600 images of child pornography." *Id.* at ¶ 24.

**B.**

Defendant consented to a polygraph examination, taken on November 5, 2017. *See* ECF No. 62-4 at PageID.312–15. During the polygraph, Defendant admitted the disturbing facts upon which his § 2G2.2(b)(5) five-point enhancement was based.

During the polygraph pretest, Defendant stated that he "mostly enjoys looking at children under the age of 10 years old and prefers girl's but has looked at boys too." *Id.* at PageID.312. He referred to child pornography as "kid stuff." *Id.* And he specified that he "enjoys masturbating to these images and most often this occurs in his home or in his garage." *Id.*

At that time, Defendant also denied that he had ever touched a child and insisted that he would pass the polygraph. ECF No. 62 at PageID.289. Neither statement was truthful.

During the posttest interview, Defendant eventually disclosed that he "taught" his four-year-old son "how to rub" his father's erect penis while they showered together. *Id.* at PageID.312. Defendant stated that he would grab his preschool-aged son's hand and use it to masturbate his own penis. *Id.* In justification, Defendant said that he was "sitting on the toilet looking at child porn" when "his son came into the bathroom," after which Defendant put his son

in the shower, which "is when the penis rubbing started." *Id.* He explained that he used his son's hand to masturbate himself for "only 30 seconds," adding, "My penis was erect but I did not ejaculate." *Id.* at PageID.314. Defendant elaborated that after he masturbated his own penis with his preschool-aged son's hand, he showed the boy how to masturbate himself. *Id.* at PageID.312. Then, Defendant stated, they masturbated "together" in the shower. *Id.*

Defendant later admitted to other enticement behavior. He said that he has masturbated to ejaculation on at least three occasions by forcing his 18-month-old son to watch him masturbate to child pornography. *See id.* He explained that he "positions" his infant son so "that he can look" while masturbating back and forth between his infant son and child pornography until ejaculation. *See id.* at PageID.312–13. And he admitted to using his infant son for sexual gratification "at least three times and as recent as one week" before the polygraph examination. *Id.* at PageID.313.

## II.

Defendant was indicted, on June 27, 2018, for two counts of possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B); and two counts of transportation of child pornography, 18 U.S.C. § 2252A(a)(1). ECF No. 32; *see also* ECF Nos. 19; 23.

### A.

On August 1, 2018, the case was referred to Magistrate Judge Patricia T. Morris to conduct a plea hearing for Defendant under an executed Rule 11 plea agreement. ECF No. 37.

At Defendant's plea hearing, Judge Morris noted that the Parties "agree[d] that the guideline range is 262 to 327 months . . . and that neither party can [later] take a position that's different." ECF No. 47 at PageID.169. Judge Morris also explicitly cautioned Defendant that "the Government may withdraw from this agreement" if "the correct guideline range is different" than 262–327 months. *Id.* at PageID.170. The "consequences" of "any withdrawal of the [plea

agreement] or vacation of the defendant's resulting convictions," she added, include "primarily that the Government can pursue charges that are being foregone" if it does so within six months of the order setting the conviction aside: on or before May 15, 2022. *Id.* at PageID.171.

Accepting Judge Morris's warnings, under the Rule 11 plea agreement, Defendant pleaded guilty to one count of possession of child pornography, 18 U.S.C. § 2252A(a)(5), and one count of transportation of child pornography, *id.* § 2252A(a)(1). ECF No. 38.

The plea agreement provided, as relevant:

> (1) that the Sentencing Guidelines calculations would include a five-level enhancement for a pattern of sexual abuse or exploitation of a minor under § 2G2.2(b)(5);[1]
> (2) that Defendant's guideline range was 262–327 months of custody;
> (3) that his sentence would not exceed 288 months;
> (4) that there were "no guideline disputes" and neither party could "take a position" inconsistent with the worksheet attached to the Rule 11 plea agreement;
> (5) that "if Defendant's sentence of imprisonment was at least 262 months, the [G]overnment waive[d] any right it may have to appeal";
> (6) that all remaining charges would be dismissed, and the Government would not bring additional charges based on any conduct reflected in the worksheets; and
> (7) that "if any conviction entered pursuant to [the] agreement is vacated, the Court shall on the government's request, reinstate any charges that were dismissed as part of [the] agreement."

*See generally id.*

As outlined in the plea agreement, Defendant's guideline range included the following:

Base Offense Level: 22 points.
+2 points § 2G2.2(b)(2)—material involved prepubescent minor or minor under 12;
+2 points § 2G2.2(b)(3)(F)—knowingly distributing;
+4 points § 2G2.2(b)(4)—materials are sadistic, masochist, or violent;
+5 points § 2G2.2(b)(5)—pattern of abuse or sexual exploitation of a minor;
+2 points § 2G2.2(b)(6)—use of computer or interactive computer service;

---

[1] *See* U.S. SENT'G GUIDELINES MANUAL § 2G2.2(b)(5) (U.S. SENT'G COMM'N 1987). Notably, the facts, as Defendant articulated them before, during, and after the polygraph examination, would constitute a "sexual contact" for purposes of § 2G2.1(b)(a)(A). *See United States v. Shafer*, 573 F.3d 267, 271, 278–79 (6th Cir. 2009) ("[T]he plain language of 18 U.S.C. § 2246(3) defining 'sexual contact' is broader, covering self-masturbation when done with the intent to arouse or gratify the sexual desire of either the person masturbating or a person watching.").

+5 points § 2G2.2(b)(7)(D)—600 or more images;
-3 points—accepting responsibility.
Total Offense Level: 39.

PSR ¶¶ 37–51.

After discussions related to the possibility that a conviction for both possession and transportation of child pornography on the same date might be multiplicitous, the Government agreed to dismiss the possession charge, leaving Defendant charged with only transportation of child pornography. ECF No. 51 at Page.ID.198–201. The Government did not concede to the multiplicitous effect of the convictions. ECF No. 62 at PageID.290, 303.

At sentencing, the Government dismissed Count 1, and this Court sentenced Defendant to the statutory maximum of 240 months' imprisonment and five years of supervised release for Count 2. ECF No. 51 at PageID.200–01, 210. Defendant did not appeal because he waived the right to appeal his conviction and sentence in the plea agreement. ECF No. 38 at PageID.122.

## B.

On October 4, 2019, without the assistance of legal counsel, Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. ECF No. 52. The claims in Defendant's § 2255 Motion entailed, as relevant: (1) whether the § 2G2.2(b)(5) "pattern of abuse" enhancement was correctly scored; and (2) whether his trial counsel, Matthew Reyes, rendered ineffective assistance by (a) failing to properly advise Defendant during the plea-negotiation process with respect to the enhancement and (b) failing to challenge the enhancement at sentencing. *See generally id.*

The § 2255 Motion was referred to Judge Morris. ECF No. 54. Judge Morris recommended that this Court deny Defendant's § 2255 Motion for lack of prejudice. *Trout v. United States*, No. 1:17-CR-20854, 2019 WL 9406497 (E.D. Mich. Dec. 3, 2019), *in* ECF No. 64.

Two weeks later, Defendant objected to the Report and Recommendation ("R&R"). ECF No. 66. On April 28, 2020, this Court overruled Defendant's objections to the R&R, denied his § 2255 Motion, and adopted Judge Morris's R&R. *United States v. Trout*, No. 17-20854, 2020 WL 2028571 (E.D. Mich. Apr. 28, 2020), *in* ECF No. 67.

## C.

Defendant appealed—again without the benefit of legal counsel. *See* ECF Nos. 69–73. On appeal, Defendant raised the claim of ineffective assistance of Matthew Reyes's counsel. ECF No. 77 at PageID.392. The Sixth Circuit granted Defendant a certificate of appealability, because "reasonable jurists could debate whether" Defendant committed a "sexual act as that term is defined by 18 U.S.C. § 2246(2)" when he "caused his son to touch his erect penis, and . . . masturbated where his son could see him." *Trout v. United States*, No. 20-1495, slip op. at 4 (6th Cir. Dec. 28, 2020) (granting certificate).

The Government then filed a motion to remand, conceding not only that the § 2G2.2(b)(5) "pattern of abuse" enhancement should not have been applied—despite its previous and strenuous arguments to the contrary—but also that trial counsel Matthew Reyes provided ineffective legal assistance by failing to contest the Government's insistence that it applied. *See* ECF No. 77 at PageID.392.

On October 5, 2021, the Sixth Circuit granted the Government's motion to remand. Specifically, the Sixth Circuit held that § 2G2.2(b)(5) did not apply to Defendant, because he did not complete or attempt a "sexual act" when he made his "three-year-old son touch[] [his] erect penis and scrotum in a mutual shower and [he] then taught his son how to masturbate" by masturbating his own penis while forcing his son to watch. *See id.* at PageID.392. For that reason, the Sixth Circuit held, Matthew Reyes's failure "to investigate the law and properly advise

[Defendant] regarding the 'pattern of abuse' enhancement before his guilty plea" was ineffective assistance of counsel. *Id.* at PageID.392–94. The Sixth Circuit, therefore, vacated the Judgment.

Defendant is now back before this Court. On February 1, 2022, Defendant's parents retained two private attorneys to defend Defendant: Lucas X. Dillon and Nicole Alexandra Samuel of Dillon & Samuel. ECF Nos. 87; 89–96. Before addressing the case further, this Court had to determine whether the Rule 11 plea agreement still governs the proceedings.

**D.**

Defendant's Rule 11 plea agreement states that "[t]he government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B." ECF No. 38 at PageID.122. The Rule 11 plea agreement also expressly prohibited Defendant from taking any position regarding his guideline range as different from the worksheet. *Id.* at PageID.119.

It comes as no surprise that there were unresolved questions regarding whether and to what extent the Rule 11 plea agreement remained intact. Notably, the Government's counsel cautioned Defendant—while he was unrepresented—that notwithstanding the merits of his challenge to the application of § 2G2.2(b)(5), his challenge to his guideline range would violate the plea agreement, risking the loss of its other protections. *See, e.g.*, ECF No. 62 at PageID.303. Without the plea agreement, as the Government explained in its response, Defendant "would have faced up to 80 years' imprisonment; received no point for acceptance of responsibility . . .; and had no cap upon his potential sentence." *Id.* at PageID.299. And even if he would have been "successful in his challenges to the enhancements," the Government added, Defendant "would have achieved a Pyrrhic victory." *Id.*

For those reasons, the Parties were directed to file supplemental briefing as to whether and to what extent the Rule 11 plea agreement remains intact. ECF No. 97. One month later, the Parties filed a joint response stating:

> (1) that Defendant's Rule 11 plea agreement is void,
> (2) that "the Government will not seek to reinstate the rest of the charges in this matter dismissed either at the original sentencing or as a part of plea negotiations,"
> (3) that Defendant "plans to reaffirm his guilty plea," and
> (4) that United States Attorney Christopher Rawsthorne is seemingly choosing not to seek any sort of punishment for any of the above-mentioned conduct regarding Defendant's abuse of his sons.

*See* ECF No. 99 at PageID.461, 462, 463. The Parties also stipulated that "a new Presentence Investigation Interview and Report would not be needed." *Id.* at PageID.463.

Meanwhile, the Parties have attended eight status conferences. There, and most recently on November 21, 2022, the Parties repeatedly reinforced their intent to stipulate to Defendant's request to be resentenced under all the terms of his original plea agreement—with the exception that his Guidelines range be recalculated to accommodate the Sixth Circuit's remand order. To that end, the Parties said they would submit an amended Rule 11 plea agreement: to calculate the new PSR. Indeed, a new guideline calculation is required. *Cf. United States v. Montgomery*, 998 F.3d 693, 701 (6th Cir. 2021) ("The Guidelines are the 'lodestar' of most federal sentencing proceedings, and correctly calculating the Guidelines range is the starting point of the resentencing hearing." (first quoting *Molina-Martinez v. United States*, 578 U.S. 189, 199 (2016); and then citing *United States v. Boulding*, 960 F.3d 774, 783 (6th Cir. 2020)).

More than a year since the remand, however, the Parties have neither tendered nor entered a new Rule 11 plea agreement.

E.

On October 31, 2022, the Parties tendered a new stipulation to amend the Rule 11 Plea Agreement as follows:

1. To strike
   a. the portion of ¶ 1C that the offense involved the pattern of sexual exploitation of a minor,
   b. the reference in ¶ 2B that the agreed upon guideline range is 262–327 months, and
   c. the guideline worksheet's § 2G2.2(b)(5) enhancement and recommendation of 262–327 months.
2. To reflect 155–188 months' imprisonment, an offense level of 34, and a criminal-history category of I as the appropriate guideline range in the guideline worksheet and ¶ 2B of the Plea Agreement.
3. That Defendant agrees to proceed to sentencing with no other changes to the Rule 11 Plea Agreement with the understanding that all other provisions of the Rule 11 Plea Agreement remain in effect, including ¶ 3A, which provides the maximum sentence permitted by the Plea Agreement and ¶ 8, which provides the waiver of appeal and length of sentence necessary to achieve Defendant's right to appeal.

Notably, the Government has decided not to recharge the Defendant concerning his admitted sexual misbehavior with his son.[2] Indeed, all four instances—to which Defendant voluntarily admitted on camera—each appear to violate at least seven federal statutes and one Michigan statute. *See* 18 U.S.C. § 2244(a)(1)–(5), (b), (c).

For these reasons, Defendant's Motion will be granted, the Parties will be directed to submit an amended Rule 11 plea agreement, a full PSR will be ordered, and a new sentencing date

---

[2] Defendant's acts of self-masturbation with his older son's hand and three instances of forcing his infant son to watch him self-masturbate all likely qualify as "sexual contact" under federal and Michigan law. *See* 18 U.S.C. § 2246(3) ("[T]he term 'sexual contact' means the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person."); MICH. COMP. LAWS § 750.520a(q); *see also supra* note 1 and accompanying text; discussion *supra* Section I.B.

will be scheduled for a date after the new plea agreement and PSR are completed and the Parties have exhausted their rights to object to both documents.

### III.

Accordingly, it is **ORDERED** that Defendant's Motion to Continue to Sentencing, ECF No. 102, is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** to the extent that it requests to permit Plaintiff to plead guilty to and to be sentenced under a new plea agreement. It is **DENIED** in all other regards.

Further, it is **ORDERED** that the Parties are **DIRECTED** to submit the amended Rule 11 Plea Agreement to this Court **on or before December 23, 2022**.

Further, it is **ORDERED** that the Microsoft Teams status conference **on December 8, 2022, at 4:00 PM EST** is **UNAFFECTED**.

Further, it is **ORDERED** that the Parties are **DIRECTED** to attend a telephonic plea hearing **on January 11, 2022, at 2:00 PM EST**.

Further, it is **ORDERED** that the Probation Department is **DIRECTED** to prepare a full Presentence Investigation Report and to disclose it to counsel **on or before March 6, 2023**.

Further, it is **ORDERED** that counsel are **DIRECTED** to submit any objections to the Presentence Investigation Report **on or before March 20, 2023**.

Further, it is **ORDERED** that Defendant will be **RESENTENCED on March 30, 2023, at 3:00 PM EST**.

Dated: December 5, 2022         s/Thomas L. Ludington
                                THOMAS L. LUDINGTON
                                United States District Judge