UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 1:17-cr-20854

v.                                         Honorable Thomas L. Ludington
                                              United States District Judge

CRAIG ROBERT TROUT,

                                              Honorable Patricia T. Morris
        Defendant.             United States Magistrate Judge

_____/

**OPINION AND ORDER GRANTING IN PART DEFENDANT'S MOTION TO ATTEND PLEA HEARING AND ALL POSTPLEA HEARINGS VIA MICROSOFT TEAMS**

       After pleading guilty and successfully appealing his sentence, Defendant Craig Robert Trout has requested permission and given his waiver and consent to attend the hearing where he will tender his second guilty plea, as well as any postplea hearings and sentencing, via Microsoft Teams from FCI Elkton, Ohio, rather than in person here in Bay City, Michigan.

       Although Defendant has presented valid reasons for not leaving the facility, he may not enter his guilty plea by way of Microsoft Teams, as the Federal Rules of Criminal Procedure do not expressly authorize the practice. But he may attend all other postplea proceedings remotely.

I.

       Defendant Craig Robert Trout was indicted in June 2018 for two counts of possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B); and two counts of transportation of child pornography, 18 U.S.C. § 2252A(a)(1). ECF No. 32; *see also* ECF Nos. 19; 23.

       At Defendant's plea hearing, Magistrate Judge Patricia T. Morris noted that the Parties "agree[d] that the guideline range is 262 to 327 months . . . and that neither party can [later] take a position that's different." ECF No. 47 at PageID.169. Judge Morris also explicitly cautioned

Defendant that "the Government may withdraw from this agreement" if "the correct guideline range" differed from 262–327 months. *Id.* at PageID.170. She added that the "consequences" of "any withdrawal of the [plea agreement] or vacation of the defendant's resulting convictions" would permit the Government to "pursue charges that are being foregone." *Id.* at PageID.171.

Accepting Judge Morris's warnings, Defendant pleaded guilty under a Rule 11 plea agreement to one count of possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B), and one count of transportation of child pornography, 18 U.S.C. § 2252A(a)(1). ECF No. 38.

At sentencing, the Government dismissed Count I, and Defendant was sentenced to the statutory maximum of 240 months' imprisonment and 5 years of supervised release for one count of transportation of child pornography, 18 U.S.C. § 2252A(a)(1). ECF No. 51 at PageID.200–01, 210. Defendant did not file a direct appeal because he waived the right to appeal his conviction and sentence in the plea agreement. ECF No. 38 at PageID.122.

In October 2019, without the benefit of legal counsel, Defendant filed a motion to vacate his conviction under 28 U.S.C. § 2255 for ineffective assistance of counsel. ECF No. 52. In sum, he was attacking counsel's effectiveness for not challenging a five-level enhancement for a pattern of sexual abuse or exploitation of a minor under § 2G2.2(b)(5),[1] which was based on admitted sexual behavior with his sons.[2]

---

[1] *See* U.S. SENT'G GUIDELINES MANUAL § 2G2.2(b)(5) (U.S. SENT'G COMM'N 1987). Notably, the facts, as Defendant articulated them before, during, and after the polygraph examination, would constitute a "sexual contact" for purposes of § 2G2.1(b)(a)(A). *See United States v. Shafer*, 573 F.3d 267, 271, 278–79 (6th Cir. 2009) ("[T]he plain language of 18 U.S.C. § 2246(3) defining 'sexual contact' is broader, covering self-masturbation when done with the intent to arouse or gratify the sexual desire of either the person masturbating or a person watching.").

[2] On a recorded video, Defendant admitted acts of self-masturbation with his oldest son's hand and three instances of forcing his infant son to watch him self-masturbate, which all likely qualify as "sexual contact" under federal and Michigan law. *See* 18 U.S.C. §§ 2244(a)(1)–(5), (b), (c), 2246(3); MICH. COMP. LAWS § 750.520a(q).

The Government cautioned Defendant that the challenge to his guideline range would violate the plea agreement and risk the loss of its other protections. *See, e.g.*, ECF No. 62 at PageID.303. Defendant was informed that, without the plea agreement, he "would have faced up to 80 years' imprisonment; received no points for acceptance of responsibility . . .; and had no cap upon his potential sentence." *Id.* at PageID.299. And even if he would have been "successful in his challenges," the Government added, Defendant "would have achieved a Pyrrhic victory." *Id.*

Defendant's § 2255 motion was denied on the recommendation of Magistrate Judge Patricia T. Morris, *United States v. Trout*, No. 1:17-CR-20854, 2019 WL 9406497 (E.D. Mich. Dec. 3, 2019), which this Court adopted, *United States v. Trout*, No. 1:17-CR-20854, 2020 WL 2028571 (E.D. Mich. Apr. 28, 2020). Despite the Government's warnings of the risks, Defendant appealed—again without the benefit of legal counsel. ECF No. 71.

On appeal, the Government conceded that the § 2G2.2(b)(5) "pattern of abuse" enhancement should not have been applied, agreed that trial counsel's failure to contest the enhancement constituted ineffective assistance, and filed a motion to remand the case for resentencing. *See* ECF No. 77 at PageID.392. On October 5, 2021, the Sixth Circuit granted the Government's motion to remand and vacated Defendant's sentence. *Id.* at PageID.394.

On remand,[3] the Government elected not to charge Defendant for his admitted sexual misbehaviors with his sons: the predicate for the miscalculation that it conceded on appeal.

After months of negotiations, Defendant filed a motion to be sentenced under the terms of his prior Rule 11 plea agreement—apparently still not understanding the significance of the fact that his § 2255 challenge violated the agreement's terms. ECF No. 102. Defendant's motion was granted in part, and he was scheduled to be resentenced with enough time to enter a new plea

---

[3] Defendant is proceeding with counsel on remand.

agreement. ECF No. 105. On February 13, 2023, the Parties signed and tendered a new Rule 11 plea agreement, explicitly superseding the prior Rule 11 agreement. ECF No. 114 at PageID.522.

On February 15, 2023, the Parties attended a status conference via Microsoft Teams, where the Government objected to Defendant entering a guilty plea via Microsoft Teams, prompting Defendant to file the instant motion to enter his guilty plea via Microsoft Teams. ECF No. 110.

## II.

Criminal defendants "must be present at (1) the initial appearance, the initial arraignment, and the plea; (2) every trial stage, including jury impanelment and the return of the verdict; and (3) sentencing." FED. R. CRIM. P. 43(a). The only exceptions are provided in Rule 43(b), Rule 43(c), Rule 5(f), and Rule 10(c). *Id.*; *see also* FED. R. CRIM. P. 53. (creating a presumptive ban on "the broadcasting of judicial proceedings from the courtroom"). Effective December 1, 2002, Rule 5 permits initial appearances via "video teleconferencing," FED. R. CRIM. P. 5(f), as does Rule 10 for arraignments, FED. R. CRIM. P. 10(c). Similarly, Rule 43 was amended to permit defendants to enter guilty pleas via "video teleconferencing" for misdemeanor offenses but not felony offenses. FED. R. CIV. P. 43(b)(2).

However—despite being amended at the same time—Rule 11 does not permit the use of video teleconferencing for guilty pleas. *See generally* FED. R. CRIM. P. 11. On the contrary, Rule 11 requires the court to "address the defendant personally in open court." FED. R. CRIM. P. 11(b)(1). The purpose of personally seeing the defendant is so that the court can "determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." FED. R. CRIM. P. 11(b)(2); *accord United States v. Williams*, 641 F.3d 758, 764–65 (6th Cir. 2011) ("Being physically present in the same room with another has certain intangible and difficult to articulate effects that are wholly absent when communicating by video

conference."); *cf. United States v. Lawrence*, 248 F.3d 300, 304 (4th Cir. 2001) ("[E]ven in an age of advancing technology, watching an event on the screen remains less than the complete equivalent of actually attending it." (citations omitted)). *But see* FED. R. CRIM. P. 11(g) ("The proceedings during which the defendant enters a plea must be recorded by a court reporter or by a suitable recording device."); FED. R. CRIM. P. 11(h) ("A variance from the requirements of this rule is harmless error if it does not affect substantial rights.").

Indeed, every circuit court presented with the question has forbidden guilty pleas for felony offenses by way of video teleconferencing, *see Williams*, 641 F.3d at 764 ("The text of Rule 43 does not allow video conferencing. The structure of the Rule does not support it."), as well as the ability to consent to it, *see United States v. Bethea*, 888 F.3d 864, 866–67 (7th Cir. 2018) ("[A] defendant cannot consent to a plea via videoconference.").

Enter the COVID-19 pandemic. In response, Congress authorized federal judges to accept guilty pleas for felony offenses via video teleconferencing under certain circumstances. Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136, §§ 15002(b)(2)(A), (b)(4), 134 Stat. 281, 528–29 (2020); *e.g.*, *United States v. Davis*, 29 F.4th 380, 387 (7th Cir. 2022) (permitting criminal defendant to plead guilty via video teleconferencing under the CARES Act). Although the CARES Act is still in effect, this Court rescinded its authorization for the practice as of June 17, 2022. E.D. Mich. Admin. Order 22-AO-028.

In sum, there is no existing legal authority that explicitly authorizes a criminal defendant to consent to enter a guilty plea while not physically present before the sentencing judge.

## III.

Defendant asserts Rule 43(c)(2) impliedly permits him to waive his physical presence to plead guilty. In support, he presents a signed waiver, expresses his desire to appear via Microsoft

Teams, and cites Rule 43's advisory committee's interest in avoiding delay and expenses by not bringing defendants to court for postconviction proceedings. ECF No. 110 at PageID.499. The Government responds that Rule 43(a) requires defendants' physical appearance for guilty pleas, that the provision that Defendant cited applies only if he will not attend the proceedings or misbehaves during them., that the Sixth Circuit has rejected the use of video conferencing for sentencings, that other courts have uniformly rejected physical-presence waivers for guilty pleas, and that the Eastern District of Michigan no longer permits pleas via video teleconferencing. ECF No. 113 at PageID.506–08.

Meanwhile, the Sixth Circuit Court of Appeals has acknowledged that "[t]he provisions of [the Rules of Criminal Procedure] are presumptively waivable." *Latson v. United States*, 68 F. App'x 544, 552 (6th Cir. 2003) (second alteration in original) (quoting *United States v. Mezzanatto*, 513 U.S. 196, 201 (1995)); *e.g.*, *United States v. Cencer*, 90 F.3d 1103, 1106–07 (6th Cir. 1996) (permitting waiver of Rule 24(c)); *see also United States v. Marshall*, 248 F.3d 525, 534 (6th Cir. 2001) (holding that the "constitutional right to be present at all the critical stages of [a] trial. . . . is a waivable one, so long as the defendant's waiver is knowing and voluntary" (first quoting *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987); and then citing *Diaz v. United States*, 223 U.S. 442, 454 (1912))).

And Rule 43 does not expressly reject the suggestion that a criminal defendant may waive his presence, so presence at a plea seems to be waivable. *See Mezzanatto*, 513 U.S. at 203–04 ("[W]e will not interpret Congress' silence as an implicit rejection of waivability."). Indeed, Congress's nonexhaustive list of times when criminal defendants may "waive[] the right to be present" applies if they "had pleaded guilty." *See* FED. R. CRIM. P. 43(c)(1) (titling the list "**In General**"); *see also INS v. Nat'l Ctr. for Immigrants' Rts., Inc.*, 502 U.S. 183, 189 (1991) ("[T]he

title of a statute or section can aid in resolving an ambiguity in the legislation's text." (citations omitted)); FED. R. CRIM. P. 43 advisory committee's note to 2011 amendment ("permit[ting] the use of video teleconferencing" "for the determination of guilt and sentencing"). Moreover, the issue of absence is not present where the defendant appears live on video. *See Crosby v. United States*, 506 U.S. 255, 258–59 (1993) ("Rule 43 does not allow full trials *in absentia*."); *Cf. United States v. Burton*, 802 F. App'x 896, 906 (6th Cir. 2020) (unpublished) ("The effect, if any, of a defendant's face-to-face interaction with a judge is likely to be much less pronounced in the announcement of factual findings than in the sentencing context . . . .").

The federal judiciary's newfound reliance on such technology to ensure continuous operation has highlighted the lingering antiquity of Rule 43 more than ever.[4] Without a doubt, employing video teleconferencing to conduct plea hearings would lead to inestimable savings of both time and money. *See* CHRISTIAN HENRICHSON ET AL., VERA INST. JUST., THE PRICE OF JAILS: MEASURING THE TAXPAYER COST OF LOCAL INCARCERATION 27–31 (2015), https://www.vera.org/downloads/publications/price-of-jails.pdf [https://perma.cc/F49D-HYSZ].

Defendant seemingly qualifies to waive his right to be present at his second guilty plea. He already "pleaded guilty" to the same crime on August 1, 2018. *See* FED. R. CRIM. P. 43(c)(1); ECF Nos. 38–43. In addition, he provided a signed waiver. ECF No. 110-1.

Such a waiver would maintain Defendant's "prisonization," a key part of inmate safety and success. *See generally* S. Sanyal, *Prison and Prisonization of Inmates*, 16 SOCIAL DEFENCE 47 (1981). Disrupting prisonization could negatively impact Defendant's rehabilitation and

---

[4] For some consequences of allowing an oft-used federal rule to tumble along without clarification, see Matthew N. Preston II, *The Tweet Test: Attributing Presidential Intent to Agency Action*, 10 BELMONT L. REV. 1, 11–16 (2022) ("The APA dictates that 'the court shall review the whole record or those parts of it cited by a party.' But the APA does not define the term 'whole record.' Thus, judges have been left to mold the contours, leading to inconsistency and unpredictability.").

reintegration into society, as the staff–inmate relationship and inmate culture can greatly affect inmates' behavior and assimilation. Indeed, leaving the facility could interrupt relationships that the inmate has established with other inmates, staff, and service providers. Even a brief departure could disrupt the social hierarchy, lead to the loss of seniority and leadership roles, and otherwise create conflicts among the inmates.

But a beta test of Rule 43 is not appropriate here. Defendant has attended all his status conferences by calling from the prison's telephone; he has never been physically visible via video. Based on counsel's representations and the Clerk of the Court's scheduling efforts, Defendant's lack of live-video appearances is due to either the willingness or the capabilities of FCI Elkton. It would not be fair to base a federal right on idiosyncrasies such as the warden's will or the prison's technology. Although at least one district court had permitted a criminal defendant to waive physical presence and to enter a guilty plea via video teleconferencing, no such "*permanent* obstacle" is present here. *See United States v. Melgoza*, 248 F. Supp. 2d 691, 692–93 (S.D. Ohio 2003) ("Defendant's physical condition, as confirmed by his treating physicians, was such that he not only could not travel to Ohio from his home in Atlanta, but that he would never be able to do so."). And a telephone call could not ensure that Defendant enters his guilty plea knowingly, voluntarily, and intelligently—the principal concern of Congress and the Supreme Court. *See* FED. R. CRIM. P. 11(b)(2); *Crosby v. United States*, 506 U.S. 255, 258–59 (1993).

Although he may not enter his guilty plea remotely, Defendant may do so for his sentencing and any presentencing hearings. *See* FED. R. CRIM. P. 43(b)(3), (c)(1)(B).

For those reasons, Defendant's motion will be denied in part, and arrangements will be made to transport him to this Court to enter his guilty plea in person.

- 9 -

## IV.

Accordingly, it is **ORDERED** that Defendant's Motion to Waive Personal Appearance at Plea, Sentencing, and Any Presentence Hearings Including the Presentence Investigation Report and to Appear Via Teams, ECF No. 110, is **GRANTED IN PART** and **DENIED IN PART**. It is **DENIED** to the extent that it seeks permission for Defendant to enter his guilty plea via Microsoft Teams; it is **GRANTED** in all other regards.

Further, it is **ORDERED** that the United States Marshals Service is **DIRECTED** to transport Defendant Craig Robert Trout to a jail facility in the Eastern District of Michigan as soon as possible, where he will remain until further order of this Court.

Further, it is **ORDERED** that the Parties are **DIRECTED** to attend an in-person plea hearing **on May 31, 2023, at 10:00 AM EDT**.

Further, it is **ORDERED** that Defendant is **DIRECTED** to be interviewed by the United States Pretrial Services **on or before June 7, 2023**.

Further, it is **ORDERED** that the Probation Department is **DIRECTED** to prepare a full Presentence Investigation Report and to disclose it to counsel **on or before July 7, 2023**.

Further, it is **ORDERED** that counsel are **DIRECTED** to file any objections to the Presentence Investigation Report **on or before July 14, 2023**.

Further, it is **ORDERED** that Defendant is **DIRECTED** to attend a sentencing hearing via Microsoft Teams **on August 3, 2023, at 2:00 PM EDT**.

Dated: March 31, 2023              s/Thomas L. Ludington
                                   THOMAS L. LUDINGTON
                                   United States District Judge