UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES,

           Plaintiff,                              Case No. 1:17-cr-20854

v.                                                Honorable Thomas L. Ludington
                                                      United States District Judge

CRAIG ROBERT TROUT,

           Defendant.
_____/

**OPINION AND ORDER DIRECTING NEW PRESENTENCE INVESTIGATION REPORT AND SCHEDULING RESENTENCING HEARING**

In November 2018, Defendant Craig Robert Trout was sentenced to 240 months' imprisonment and five years' supervised release after pleading guilty to transporting child pornography. At the time, the Parties calculated the applicable United States Sentencing Guidelines (the "Guidelines") range as 262-327 months but agreed that 240 months was the statutory maximum. Defendant's sentence included an enhancement under § 2G2.2(b)(5) of the Guidelines because Defendant admitted to sexual misconduct with his two minor sons. Defendant filed a motion to vacate, arguing the enhancement was inapplicable. At oral argument before the Sixth Circuit, the Government conceded that Defendant's admitted prior sexual misconduct did not classify as "sexual act[s]" for the purpose of § 2G2.2(b)(5), and the case was remanded. Since remand, the Parties decided to rescind the initial plea agreement and enter into a new plea agreement contemplating a Guidelines range of 151–188 months' imprisonment without applying §2G2.2(b)(5).

The Parties were directed to file supplemental briefing addressing whether Defendant's prior misconduct could be considered in resentencing under other Guideline provisions or the 18 U.S.C. § 3553(a) sentencing factors. After reviewing the Parties' supplemental briefs, this Court

is prepared to proceed with Defendant's resentencing but believes a new Presentence Investigation Report (PSR) would be helpful because the most recent PSR is nearly four months old. Accordingly, the Probation Department will be directed to prepare a new PSR and Defendant's resentencing hearing will be scheduled.

I.

A. Factual Background

On October 25, 2016, the National Center for Missing and Exploited Children (NCMEC) received a tip from Dropbox, an online storage application, that the username "Cum Upinme" uploaded multiple images and videos of child pornography to its servers. ECF No. 1 at PageID.3. A Michigan State Police investigation traced this username to the email "troutcraig1979@gmail.com" and later to Defendant Craig Robert Trout. *Id.*

Michigan State Police also determined that troutcraig1979@gmail.com was the subject of another NCMEC tip made in April 2015. *Id.* at PageID.4. In that case, Hotmail sent an NCMEC tip that troutcraig1979@gmail.com attempted to send an image of child pornography to another Hotmail user, but Hotmail blocked and reported the image to NCMEC. *Id.* The Michigan State Police tried to execute a search warrant at Defendant's house, but he was not home. *Id.*

On November 5, 2017, Defendant "consented to an interview," during which Defendant admitted that he used and owned the "Cum Upinme" Dropbox account. *Id.* at PageID.3–4. Defendant also stated that he downloaded child pornography but that he deleted it from his phone "after he learned of the investigation." *Id.* The Michigan State Police then conducted a forensic search of Defendant's phone which indicated that Defendant owned the troutcraig1979@gmail.com email address and revealed artifacts of emails between Defendant and the Hotmail user from the NCMEC tip. *Id.* at PageID.4. Defendant's "Cum Upinme" Dropbox account showed that he uploaded a video of a less-than-10-year-old girl being penetrated by an

adult male's finger and erect penis for nearly 42 minutes. *Id.* at PageID.5. Defendant's "Cum Upinme" account also showed that he uploaded another video of a less-than-10-year-old girl "performing oral sex on an adult male's penis." *Id.* The investigation also revealed that Defendant uploaded at least 43 videos and images of child pornography from his cell phone while "working at job sites located in the Eastern District of Michigan." *Id.*

Defendant later confessed to using Dropbox to transmit child pornography for two years. PSR ¶ 22. In addition to Dropbox, Defendant admitted that he shared images of child pornography using Kik, Adult Friend Finder, and Chatstep. *See* ECF No. 62 at PageID.289. Defendant stated that he sexually prefers infants and children younger than 13 years, that he "masturbate[s] a couple of times a week to child pornography," and that he had last done so the week before the interview. *Id*.

For his offenses, Defendant's child-pornography images totaled 2,337. PSR ¶ 23. But the Probation Department rounded that number down as a "modest estimation" of his "total involvement over the at least two-year span of transporting and possessing child pornography." *Id.* Indeed, the Probation Department only held Defendant "accountable for using a computer to possess, transport, or distribute more than 600 images of child pornography." *Id.* at ¶ 24.

On November 5, 2017, Defendant also consented to a polygraph examination. *See* ECF No. 62-4 at PageID.312–15. During the polygraph, Defendant stated that he "mostly enjoys looking at children under the age of 10 years old and prefers girls but has looked at boys too." *Id.* at PageID.312. He referred to child pornography as "kid stuff." *Id.* And he specified that he "enjoys masturbating to these images and most often this occurs in his home or in his garage." *Id.*

In an interview after this polygraph, Defendant disclosed that he "taught" his four-year-old son "how to rub" Defendant's erect penis while they showered together. *Id.* at PageID.312.

Defendant stated that he would grab his preschool-aged son's hand and use it to masturbate his own penis. *Id.* In justification, Defendant said that he was "sitting on the toilet looking at child porn" when "his son came into the bathroom," after which Defendant put his son in the shower, which "is when the penis rubbing started." *Id.* He explained that he used his son's hand to masturbate himself for "only 30 seconds," adding, "My penis was erect but I did not ejaculate." *Id.* at PageID.314. Defendant elaborated that after he masturbated his own penis with his preschool-aged son's hand, he showed the boy how to masturbate himself. *Id.* at PageID.312. Then, Defendant stated, they masturbated "together" in the shower. *Id.*

In the same post-polygraph interview, Defendant stated he frequently masturbates to child pornography in front of his other son, approximately 18 months old at the time. Defendant stated he purposefully positions his son "so that [the son] can look at [Defendant] while [Defendant] masturbates to child pornography." *See id.* Defendant stated he had done this "at least three times and as recent as a week" before the post-polygraph interview. *Id.* at PageID.313.

### B. Procedural Background

On June 27, 2018, Defendant was indicted for two counts of possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B), and two counts of transportation of child pornography, 18 U.S.C. § 2252A(a)(1). ECF No. 32; *see also* ECF Nos. 19; 23.

On August 1, 2018, Defendant's case was referred to Magistrate Judge Patricia T. Morris to conduct a plea hearing pursuant to a rule 11 plea agreement. ECF No. 37. At Defendant's plea hearing, Judge Morris noted that the Parties "agreed[d] that the guideline range is 262 to 327 months[.]" ECF No. 47 at PageID.169. Judge Morris further warned Defendant that "the Government may withdraw from this agreement" and what the consequences of withdraw would be. *Id.* at PageID.170. Defendant accepted Judge Morris' warnings and pleaded guilty to one count

of possession of child pornography, 18 U.S.C. § 2252A(a)(5), and one count of transportation of child pornography, *id.* § 2252A(a)(1). ECF No. 38.

The August 2018 plea agreement provided, as relevant, that:

> (1) the Sentencing Guidelines calculations would include a five-level enhancement for a pattern of sexual abuse or exploitation of a minor under § 2G2.2(b)(5);
> (2) Defendant's Guideline range was 262 to 327 months of custody;
> (3) Defendant's sentence would not exceed 288 months;
> (4) there were "no [G]uideline disputes" and neither party could "take a position" inconsistent with the worksheet attached to the Rule 11 plea agreement;
> (5) "if Defendant's sentence of imprisonment was at least 262 months, the [G]overnment waive[d] any right it may have to appeal";
> (6) all remaining charges would be dismissed, and the Government would not bring additional charges based on any conduct reflected in the worksheets; and
> (7) "if any conviction entered pursuant to [the] agreement is vacated, the Court shall on the government's request, reinstate any charges that were dismissed as part of [the] agreement."

*See generally id.*

As outlined in the August 2018 plea agreement, Defendant's Guideline range included the following:

> **Base Offense Level: 22 points.**
> +2 points § 2G2.2(b)(2)—material involved prepubescent minor or minor under 12;
> +2 points § 2G2.2(b)(3)(F)—knowingly distributing;
> +4 points § 2G2.2(b)(4)—materials are sadistic, masochist, or violent;
> +5 points § 2G2.2(b)(5)—pattern of abuse or sexual exploitation of a minor;
> +2 points § 2G2.2(b)(6)—use of computer or interactive computer service;
> +5 points § 2G2.2(b)(7)(D)—600 or more images;
> -3 points—accepting responsibility
> **Total Offense Level: 39**

*See id.* at PageID.129–31. (emphasis added)

The Government then agreed to dismiss Count One, possession of child pornography, for double jeopardy concerns, leaving Defendant charged with only one count of transportation of

child pornography and Defendant was sentenced to the statutory maximum of 240 months' imprisonment and five years' supervised release for Count Two. ECF Nos. 49; 51 at PageID.198–201, 210. Defendant did not appeal because he waived his right to do so in the August 2018 plea agreement. ECF No. 38 at PageID.122.

Approximately four months after his sentencing, Defendant filed a *pro se* Motion to Vacate his Sentence under 28 U.S.C. § 2255. ECF No. 52. The relevant claims were (1) whether the § 2G2.2(b)(5) "pattern of sexual abuse" sentencing enhancement was applicable to Defendant's conduct with his sons; and (2) whether his trial counsel rendered ineffective assistance by (a) failing to properly advise Defendant regarding the enhancement during plea negotiations, and (b) failing to challenge the enhancement at sentencing. *See generally id.* After referral, Judge Morris recommended this Court deny Defendant's § 2255 Motion for lack of prejudice. *Trout v. United States*, No. 1:17-CR-20854, 2019 WL 9406497 (E.D. Mich. Dec. 3, 2019), ECF Nos. 61; 64. Defendant objected to this Report and Recommendation (R&R), ECF No. 66, but this Court overruled Defendant's objections, adopted Judge Morris' R&R, and denied Defendant's § 2255 Motion on April 28, 2020. ECF No. 67.

Defendant appealed. *See* ECF Nos. 69–73. On appeal, Defendant raised an ineffective assistance claim against his trial attorney, Matthew Reyes. ECF No. 77 at PageID.392. The Sixth Circuit granted Defendant a certificate of appealability, because "reasonable jurists could debate whether" Defendant committed a "sexual act as that term is defined by 18 U.S.C. § 2246(2)" when he "caused his son to touch his erect penis, and . . . masturbated where his son could see him." *Trout v. United States*, No. 20-1495, slip op. at 4 (6th Cir. Dec. 28, 2020). The Government then filed a motion to remand, importantly conceding not only that the § 2G2.2(b)(5) "pattern of sexual abuse" enhancement should not have been applied—despite its previous and strenuous arguments to the contrary—but also that Defendant's counsel provided ineffective legal

assistance by failing to contest the Government's insistence that it applied. *See* ECF No. 77 at PageID.392.

On October 5, 2021, the Sixth Circuit held that (1) § 2G2.2(b)(5) did not apply to Defendant, because he did not complete or attempt a "sexual act" when he made his "three-year-old son touch[] [his] erect penis and scrotum in a mutual shower and [he] then taught his son how to masturbate" by masturbating his own penis while forcing his son watch, *see id*. at PageID.392, and (2) defense counsel's failure "to investigate the law and properly advise [Defendant] regarding the 'pattern of abuse' enhancement before his guilty plea" was ineffective assistance of counsel. Therefore, the judgment was vacated and the case was remanded. *Id*. at PageID.392–94.

On February 25, 2022, this Court directed the Parties to file supplemental briefing on "whether and to what extent the [August 2018] Rule 11 plea agreement, ECF No. 38, remain[ed] intact given the Sixth Circuit's vacatur of this Court's sentencing judgement and Defendant's appeal." ECF No. 97 at PageID.456. The Parties issued their Joint Response on March 28, 2022, agreeing that (1) Defendant's 2018 Rule 11 plea agreement is void, (2) "the Government will not seek to reinstate the rest of the charges in this matter dismissed either at the original sentencing or as a part of plea negotiations," (3) Defendant "plans to reaffirm his guilty plea," and (4) a new PSR would not be needed.  ECF No. 99 at PageID.462–63. The Parties also agreed that "the applicable [G]uideline range for this matter would be 151–188 months' imprisonment." *Id.* at PageID.463. The recommendation reduced Defendant's total offense level from 39 to 34 by not applying the 5-level § 2G2.2(b)(5) enhancement, in accordance with the Sixth Circuit's order, and reduced the initial Guideline range of 262-327 month's imprisonment by half. ECF Nos. 38; 47 at PageID.169.

On August 29, 2022, Defendant filed a motion to proceed with sentencing, asking this Court to allow Defendant to reaffirm his guilty plea in accord with the Parties' newest agreement. ECF No. 102. Eight status conferences later, in December 2022, this Court directed the Parties to submit an amended Rule 11 plea agreement, noting "the Parties said they would submit an amended Rule 11 plea agreement" which reflected the new agreed Guidelines range, but had yet to do so, after more than a year since the Sixth Circuit's remand. ECF No. 105, at PageID.484. This Court further noted that "the Government has decided not to recharge the Defendant concerning his admitted sexual misbehavior with his son." *Id.* at PageID.485.

On January 26, 2023—nearly 5 years after Defendant was originally indicted—this Court directed the Government to prosecute the case. ECF No. 109. The Court noted "Defendant and Government have not been able to reach an amended or new [Rule 11 plea agreement]. Nor has the Government provided any information for how it will advance the case." *Id.* at PageID.495. This Court set a February 15, 2023 deadline "for the Government to prosecute the case." *Id.* at PageID.496.

Finally, on March 31, 2023, the Parties filed a new Rule 11 plea agreement, which the Parties executed, at the latest, on February 13, 2023. *See* ECF No. 114. Despite previously agreeing to a sentencing guideline range of 151–188 months' imprisonment, *see* ECF No. 99 at PageID.463, the Parties' 2023 plea agreement stated that "the parties have no joint recommendations as to the applicable guideline range." ECF No. 114 at PageID.516. Defendant appeared in person and pleaded guilty under the terms of this agreement on May 31, 2023.

On July 7, 2023, a second PSR was filed (July 2023 PSR). ECF No. 116 (sealed). Under "Other Criminal Conduct," the Report notes Defendant's 2017 polygraph admissions that (1) he let his "four or five" year old son "play" with his "erect penis for around 30 seconds" in the shower and (2) he masturbated "in front of his 18-month-old son at least three times, and in front his [other

minor son] at least once." July 2023 PSR at ¶ 66. The July 2023 PSR notes that this other son, now eight, "denied any inappropriate touching occurred" and "therefore, the state prosecutor declined to file charges for this offense." *Id.* The July 2023 PSR also noted that Defendant's criminal conduct has an applicable statutory minimum term of imprisonment of five years and statutory maximum of twenty years. July 2023 PSR at ¶ 87; *see also* 18 U.S.C. §§ 2252A(a)(1), (b)(1). Ultimately, the July 2023 PSR concluded Defendant's total offense level is 34, Defendant's criminal history category is I, and the recommended Guidelines range is 151–188 months.[1] July 2023 PSR at ¶ 88.

On August 22, 2023, the Parties appeared in-person to hear the testimony of Tiffany Watson, the lieutenant who administered Defendant's 2017 polygraph examination and subsequent interview, during which Defendant first revealed his prior sexual misconduct with his sons. *See* ECF No. 62-4. After hearing Ms. Watson's testimony, the Government played relevant portions of a video recording of Defendant's post-polygraph interview, during which Defendant responded to Ms. Watson's questions and admitted his past sexual misconduct.

After this hearing, this Court sought supplemental briefing regarding whether Defendant's prior sexual misconduct could be otherwise considered by this Court in sentencing Defendant under any other section of the Guidelines or in applying the 18 U.S.C. § 3553(a) factors. ECF No. 120. Specifically, this Court directed the Parties to answer the following questions:

> (1) Is Defendant's prior sexual misconduct involving his minor sons addressed by the Guidelines at all? May it be considered under § 1B1.3(a)(1)(A)? May it be considered under § 1B1.4?
>
> (2) May Defendant's prior sexual misconduct involving his minor sons be considered by this Court when applying the sentencing factors outlined in 18 U.S.C.

---

[1] Recall the initial Guideline calculation in the 2018 plea agreement contemplated a sentence of 262–327 months' imprisonment and stated that the statutory maximum was 240 months' imprisonment. ECF No. 38 at PageID.116, 131.

§ 3553(a)? If so, are their identifiable limits on this Court's discretion to consider such conduct?

*Id.* at PageID.576. An overview of the Parties' supplemental briefing follows.

## II.

### A. U.S.S.G § 1B1.3(a)(1)(A)

Section 1B1.3(a)(1)(A) of the Guidelines provides that "relevant conduct" for the purposes of base offense levels and specific offense characteristics under the Guidelines includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant[.]" U.S. SENT'G GUIDELINES MANUAL § 1B1.3(a)(1)(A) (U.S. SENT'G COMM'N 2021).

All Parties agree that Defendant's prior sexual misconduct is *not* "relevant conduct" under § 1B1.3(a)(1)(A). *See* ECF Nos. 121 at PageID.579–81; 122 at PageID.587. Defendant argues that § 1B1.3 "deals with actions or omissions caused by the defendant in preparation for, during, or, in the course of avoiding detection for the offense of conviction" and that Defendant's prior sexual misconduct is distinguishable from his underlying offense of conviction—transporting child pornography. ECF No. 121 at PageID.579. Defendant also argues that the United States Sentencing Commission's "3 Principles" governing the "relevant conduct analysis" are wholly inapplicable to his prior sexual misconduct. *Id.* The first principle focuses "relevant conduct" on "acts that [the defendant] did in furtherance of the offense of conviction." *§ 1B1.3 – Relevant Conduct Analysis: 3 Principles*, U.S. SENT'G COMM'N, https://www.ussc.gov/sites/default/files/pdf/training/annual-national-training-seminar/2020/principles-RC_onepager.pdf (last visited Oct. 29, 2023) [https://perma.cc/7YZJ-ML5P]. The second states that relevant conduct may include "certain acts of others that are in furtherance of the offense of conviction." *Id.* And the third principle includes as relevant conduct, "acts that are part of the same course of conduct or common scheme or plan

- 10 -

as the offense of conviction." *Id.* The Government agrees with Defendant and plainly asserts Defendant's "abuse was not relevant conduct under § 1B1.3(a)(1)(A)." ECF No. 122 at PageID.587.

### B. U.S.S.G § 1B1.4

Somewhat in tension with the narrow "relevant conduct" consideration called for in Section 1B1.3, Section 1B1.4 of the Guidelines provides that, "[i]n determining the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider, *without limitation*, *any information* concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." U.S. SENT'G GUIDELINES MANUAL § 1B1.4 (U.S. SENT'G COMM'N 2021) (emphasis added).

Defendant initially argued that, although this Court *could* consider his prior sexual misconduct under § 1B1.4, it could only do so with *extreme* limitations. ECF No. 121 at PageID.581–82. The Government responded that Defendant provided "little support" for such a "bold proclamation" and argues that § 1B1.4 exists expressly "to empower district courts to consider factors using its own discretion. ECF No. 124 at PageID.610–11. Indeed, the Government points to this § 1B1.4's background commentary which states:

> Congress intended that *no limitation* would be placed on the information that a court may consider in imposing an appropriate sentence under the future guideline sentencing system. A court is not precluded from considering information that the guidelines do not take into account in determining a sentence within the guideline range or from considering that information in determining whether and to what extent to depart from the guidelines.

U.S. SENT'G GUIDELINES MANUAL § 1B1.4 cmt. background (U.S. SENT'G COMM'N 2021). Ultimately, the Government argues Defendant's abuse "fits squarely within [] information related to his conduct, character and background." ECF No. 122 at PageID.588. In response, Defendant abandoned his "extreme limitation" argument and, instead, argued generally that advisory

- 11 -

guidelines are too harsh, long sentences have collateral consequences on defendants, and child pornography guidelines are not rational. *See generally* ECF No. 123.

### C. 18 U.S.C. § 3553(a) Sentencing Factors

When imposing a criminal sentence, after determining the appropriate Guidelines calculation, courts are directed to address the sentencing factors in 18 U.S.C. § 3553. Aside from requiring criminal sentences to be sufficient—but not greater than necessary—to comply with underlying sentencing rationales, *see* 18 U.S.C. §3553(a)(2), subsection (a) lists seven factors a court can consider in sentencing:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense; deter criminal conduct; protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other treatment;
> (3) the kinds of sentences available;
> (4) the applicable Guidelines range;
> (5) pertinent United States Sentencing Commission policy statements;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a).

Defendant concedes that this Court can consider his prior sexual misconduct under the § 3553(a) factors but argues that the most recent Guidelines recommendation in the July 2023 PSR—151 to 188 months—reflects a sentence that would be sufficient but not greater than necessary. ECF No. 121 at PageID.582–84; *see also* ECF No. 116 at PageID.558 (sealed). Defendant also cites non-binding Second Circuit precedent which vacated a defendant's 240-month sentence for distributing child pornography because child pornography guideline provisions are irrational and

impose "greater than necessary" sentences. ECF No. 121 at PageID.582–83 (citing *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010)).

The Government agrees that this Court can consider Defendant's prior sexual misconduct when applying the § 3553(a) factors. ECF No. 122 at PageID.588–93. Specifically, the Government argues that Defendant's prior sexual misconduct (1) falls within the "nature and circumstances of [Defendant's] offense" under § 3553(a)(1), *id.* at PageID.589; (2) falls within Defendant's "history and characteristics" under § 3553(a)(1), *id.* at PageID.590; and (3) should be considered as a reason to protect the public from future crimes under § 3553(a)(2). *Id.* at PageID.591. The Government also argues this Court can consider, as a part of Defendant's "history and characteristics" under § 3553(a)(1), Defendant's current attempts to deny his prior sexual misconduct which he earlier admitted to. *Id.* at PageID.591–92. Lastly, Government argues that Defendant's reliance on Second Circuit precedent is misplaced because the Sixth Circuit's approach to child pornography guidelines is distinguishable. ECF No. 124 at PageID.611–12. Indeed, the Government cites *United States v. Bristline*, 665 F.3d 758, 764 (6th Cir. 2012) which upheld the child pornography guidelines as falling within "Congress's prerogative to dictate sentencing enhancements based on a retributive judgement that certain crimes are reprehensible and warrant serious punishment as a result."

In sum, all agree Defendant's prior sexual misconduct *cannot* be considered under U.S.S.G § 1B1.3(a)(1)(A) but that Defendant's prior sexual misconduct *can* be considered under 18 U.S.C. § 3553(a). The Parties also agree that Defendant's prior sexual misconduct *can* be considered under U.S.S.G. § 1B1.4 but disagree on the extent to which the Court can weigh this consideration. At this juncture, although this Court is satisfied with the Parties' supplemental briefing, a new PSR is needed because the most recent PSR was filed nearly four months ago and this Court would like

an updated Guidelines calculation and an updated analysis of Defendant's current characteristics[2] before proceedings to resentencing.

### III.

Accordingly, it is **ORDERED** that the Probation Department is **DIRECTED** to prepare a full Presentence Investigation Report and disclose the same to counsel by **November 22, 2023.**

Further, it is **ORDERED** that the Parties are **DIRECTED** to file any objections to the Presentence Investigation Report **on or before November 30, 2023.**

Further, it is **ORDERED** that Defendant will be **RESENTENCED on December 12, 2023, at 4:00 PM EST.**

Dated: November 2, 2023               s/Thomas L. Ludington
                                      THOMAS L. LUDINGTON
                                      United States District Judge

---

[2] Notably, Defendant asserted in his supplemental briefing that "while incarcerated for the past six years, [Defendant] has not had a single instance of misconduct or disciplinary issues. Further, he has numerous jobs lined up upon release." ECF No. 121 at PageID.582. But this positive conduct is not contemplated in the July 2023 PSR, *see generally* ECF No. 116 (sealed), and this Court would like to consider these positive characteristics along with any others, if reflected in an updated PSR.